Filed 10/1/15  In re G.H. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.H., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LEANNA S., <br><br> Defendant and Appellant. | F070493 <br><br> (Super. Ct. No. JD132681-00) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Louie L. Vega, Judge.

Kristin Bryce Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Theresa A. Goldner, County Counsel, and Amanda LeBaron, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Detjen, J. and Smith, J.

## INTRODUCTION

Appellant Leanna S. (mother), the mother of G.H., was denied reunification services on the basis of Welfare and Institutions Code section 361.5, subdivisions (b)(10) and (11), and (e)(1).[1]  Mother appeals, contending the juvenile court erred in failing to place G.H. with his maternal grandmother.  Mother lacks standing to raise this issue.  Regardless, the contention lacks merit, and we will affirm the order.

## FACTUAL AND PROCEDURAL SUMMARY

Prior to the detention of G.H., mother had been residing in various locations, and G.H. had been in the care of his maternal grandmother on and off during the month prior to detention.  On May 31, 2014, mother had brought G.H. to a motel room where she was living.  He had been crawling around on the floor and then began crying and pulling at his ear.  Mother took him to the emergency room.

It was determined G.H. had ingested methamphetamine; he was hospitalized for treatment.  Mother initially claimed G.H. must have obtained the drugs while crawling around on the floor.  Hospital staff called the local police department.  When interviewed by the police, mother initially denied being under the influence of a stimulant; she later admitted to having smoked methamphetamine that afternoon.  Mother was arrested for child endangerment and placed in custody.  The motel room was searched and a methamphetamine pipe, baby toys, and food were found in the room.

The Kern County Department of Human Services (Department) filed a petition pursuant to section 300, subdivisions (b) and (j).  The petition alleged that mother had allowed G.H. to crawl on the floor of a dirty motel room while she was under the influence of methamphetamine; G.H. subsequently tested positive for amphetamine and methamphetamine.  Consequently, it was alleged G.H. had suffered, or was at substantial

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

risk of suffering, harm due to mother's substance abuse and mother's resultant failure to supervise and protect G.H. adequately.

The petition also alleged that G.H.'s siblings had been neglected while in the care of mother and there was a substantial risk G.H. would be neglected within the meaning of section 300, subdivision (j). The oldest sibling had been detained in 2001 when it was found the child had a serious infection on his foot and penis; mother was charged with child endangerment. Mother admitted to using marijuana and methamphetamine. Reunification services were provided to mother, but she failed to reunify and parental rights were terminated. This minor was adopted in 2003.

Additionally, the petition alleged that another sibling had been detained in 2003. Mother was denied reunification services in that case pursuant to section 361.5, subdivision (b)(11). This sibling was adopted in 2004.

The social worker met with mother on June 2, 2014. Mother asked if G.H.'s maternal grandmother could have custody of G.H. The detention hearing was held on June 4, at which time the juvenile court made findings that a prima facie showing had been made that G.H. fell within the scope of section 300 and continuance in the home would be contrary to G.H.'s welfare. The juvenile court also found that Ga.H. was the presumed father. Ga.H. was incarcerated at the time of the detention hearing. Mother was to be provided visitation twice per week for two hours.

The juvenile court ordered the Department to evaluate any interested relative or nonrelated extended family member for placement. G.H. initially was placed with a licensed foster family on May 31, 2014. A nonrelated extended family member, Tracey E., applied for placement on June 2, 2014. On June 16, a maternal aunt and uncle applied for placement.

On June 30, 2014, the foster family caring for G.H. gave notice that the child needed to be moved. Mother asked if G.H. could be placed with Tracey. On July 1, Tracey was approved for placement.

On July 1, 2014, G.H.'s paternal cousins submitted an application for placement, and G.H. was placed temporarily with the paternal cousins on July 9. Formal placement with the paternal cousins was made by the Department on July 18, 2014. On August 25, 2014, the paternal cousins indicated they were interested in adopting G.H.

G.H.'s maternal grandmother requested placement on July 11, 2014. She spoke with a social worker and indicated she was interested in a legal guardianship and would consider adopting G.H. if she had to do it. The maternal grandmother had not yet commenced the home study process or attended an adoption and permanent plan orientation.

The maternal grandmother did not believe her daughter had been using drugs. She believed mother had been set up by someone who had planted drugs in the hotel room. The maternal grandmother had a lengthy criminal history.

On October 7, 2014, a continued jurisdictional and dispositional hearing was held. The juvenile court found that proper notice had been given to all appropriate parties. Mother had signed a waiver of rights form and the juvenile court verified that mother understood her rights, had consulted with counsel before executing the form, and was making a knowing and voluntary waiver of her rights. The juvenile court continued the dispositional hearing to allow the Department to finish an evaluation of G.H.'s maternal grandmother for possible placement of G.H.

On November 4, 2014, the Department made the decision to keep G.H. in his current placement with his paternal cousins and not place him with his maternal grandmother. The Department cited several reasons: (1) maternal grandmother had waited until July 2014 to request placement instead of making the request upon initial detention; (2) the maternal grandmother continued to make excuses for mother's drug use; and (3) the current caretakers, the paternal cousins, were committed to adopting G.H., whereas the maternal grandmother wanted only legal guardianship.

At the November 10, 2014, dispositional hearing, G.H.'s maternal grandmother testified extensively. She testified she was aware mother's other children had been removed from mother's custody due to mother's substance abuse. She also was aware mother had drug charges dating back to January 2013 and April 2014, but she did not believe mother constituted a risk to G.H.'s well-being. In summation, mother's counsel addressed section 361.3's placement preferences, arguing G.H.'s maternal grandmother should be the preferred placement; counsel for G.H. argued against placement with the maternal grandmother and urged continuing placement with the paternal cousins; and the Department urged continued placement with the paternal cousins as in the best interests of G.H.

The juvenile court noted that mother had used methamphetamine on the day G.H. was taken to the hospital and that six or seven months prior to that mother had been arrested three times for possession of drug paraphernalia. Despite mother's history of substance abuse, including the substance abuse that triggered the dependency petition on behalf of G.H., the maternal grandmother claimed to have never noticed her daughter was abusing drugs. The juvenile court noted that mother had a long history of substance abuse; she had not made any significant progress toward ameliorating the substance abuse issues; and the maternal grandmother "ha[d] still not accepted" mother had a substance abuse problem that adversely impacted G.H.

The juvenile court ordered that family reunification services be denied mother based upon section 361.5, subdivisions (b)(10) and (11), and (e)(1). As for G.H.'s placement, the juvenile court noted that the placement that was in G.H.'s best interests was to remain with the paternal cousins. The paternal cousins had sought placement early and had had custody of the minor since July 9, 2014, a period of four months at the time of disposition.

Mother filed a notice of appeal on November 18, 2014.

## DISCUSSION

Mother filed a notice of appeal on November 18, 2014. The notice of appeal stated mother was appealing denial of reunification services and denial of placement with the maternal grandmother.

As for the denial of reunification services to mother, this issue was not argued or briefed in mother's opening brief. "Issues do not have a life of their own: if they are not raised … we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) Failure to address the issue in the opening brief constitutes a waiver of the issue. (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 200, fn. 10.)

Regarding mother's challenge to denial of placement with G.H.'s maternal grandmother, mother lacks standing to raise this issue. (*Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1034-1035 (*Cesar V.*).) Regardless, mother's challenge to the denial of placement with G.H.'s maternal grandmother lacks merit.

When section 361.3 applies to a relative placement request, the juvenile court must exercise its independent judgment in determining the suitability of the relative's home and the best interests of the child. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 320.) A juvenile court's placement decision under section 361.3 is reviewed for abuse of discretion. (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067 (*Robert L.*), superseded on other grounds in *Cesar V., supra*, 91 Cal.App.4th at p. 1032.)

There are several factors that a juvenile court considers in making a placement determination under section 361.3, including: (1) the minor's best interests; (2) the wishes of the parents, relatives, and the child; (3) placement of siblings; (4) good moral character of the relative and other adults in the home; (5) the nature and duration of the relationship between the relative and the child; (6) the ability of the relative to provide proper care in a safe environment and protect the child from his or her parents; and (6) the safety of the relative's home. (§ 361.3, subd. (a)(1)-(8).)

6.

The social study set forth several factors for the Department's recommendation that placement remain with the paternal cousins: (1) the paternal cousins were committed to adopting G.H. and G.H. was thriving in their care; (2) G.H.'s maternal grandmother had waited until July 2014 to seek placement instead of immediately upon detention; and (3) the Department's concerns that the maternal grandmother minimized and made excuses for mother's substance abuse and its impact upon G.H.

The section 361.3, subdivision (a) factors were addressed at the dispositional hearing. Although G.H.'s maternal grandmother and mother wanted placement with the maternal grandmother, counsel for G.H. strenuously argued that placement remain with the paternal cousins. Even though the maternal grandmother had a criminal record, it was not asserted as a basis to deny placement. While the maternal grandmother had established some relationship with G.H. prior to detention, the extent of that relationship was unclear and G.H., an infant, had been in the continuous care of the paternal cousins for four months at the time of disposition.

The critical factor of whether G.H.'s maternal grandmother could provide a safe home and protect G.H. from his mother and the effects of her substance abuse was at the crux of the juvenile court's placement determination. The maternal grandmother testified she was aware mother's other children had been removed from mother's custody due to mother's substance abuse. The maternal grandmother also was aware mother had drug charges dating back to January 2013 and April 2014, but she did not believe mother constituted a risk to G.H.'s well-being.

The juvenile court noted that mother had used methamphetamine on the day G.H. was taken to the hospital and that six or seven months prior to that mother had been arrested three times for possession of drug paraphernalia. Despite mother's history of substance abuse, including the substance abuse that triggered the dependency petition on behalf of G.H., the maternal grandmother claimed to have never noticed her daughter was abusing drugs. The juvenile court noted that mother had a long history of substance

7.

abuse; she had not made any significant progress toward ameliorating the substance abuse issues; and the maternal grandmother "ha[d] still not accepted" mother had a substance abuse problem that adversely impacted G.H. The juvenile court found that the placement that was in G.H.'s best interests was to remain with the paternal cousins.

The minor child's best interests are the "linchpin" of a juvenile court's analysis of the placement factors. (*Robert L., supra,* 21 Cal.App.4th at p. 1068.) The section 361.3, subdivision (a) relative placement does not constitute a placement guarantee. (*In re Joseph T.* (2008) 163 Cal.App.4th 787, 798.) Neither does it create an evidentiary presumption in favor of relative placement. (*In re Sarah S.* (1996) 43 Cal.App.4th 274, 286.)

We conclude the trial court did not abuse its discretion in finding the best interests of G.H. dictated placement remain with the paternal cousins.

### DISPOSITION

The dispositional order is affirmed.